UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Roland Ware, #15663-171, | ) C/A No. 4:10-864-TLW-TER |
|---|---|
| Petitioner, | ) |
| vs. | ) REPORT AND |
|  | ) RECOMMENDATION |
| Darlen Drew, Warden, | ) |
| Respondent. | ) |

The petitioner, Roland Ware ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at a Federal Correctional Institution in Bennettsville, South Carolina, a facility of the Federal Bureau of Prisons ("BOP"). The § 2241 petition should be dismissed because it is clear from the petition with attachments that Petitioner is not entitled to habeas relief in this case.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## **BACKGROUND**

Petitioner correctly seeks relief under § 2241, because Petitioner is challenging the manner in which his sentence is executed. Specifically, he challenges the execution of the monetary penalties part of his criminal sentence. Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina to 46 months imprisonment, 5 years supervised release, $100.00 special assessment, and restitution of $437,903.47. The restitution is "payable in full immediately," or, if unable to be paid in full, "the special assessment and restitution may be paid

2

through the Inmate Financial Responsibility Program" and "any balance still owed at the time of release shall be paid in installments of $150.00 per month." *See United States v. Ware*, Criminal Action No. 5:07-176-D-4 (docket # 101).[2]

The BOP's Inmate Financial Responsibility Program ("IFRP") is a voluntary program that encourages "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R § 545.10. The program allows for the development of a financial plan so that inmates may satisfy obligations, such as restitution payments, while imprisoned. *See* 28 C.F.R. § 545.11(a). To encourage participation in the IFRP, an inmate who refuses to comply with an established financial plan may lose some privileges and eligibility for community-based programs. *See* 28 C.F.R. § 545.11(d).

Petitioner refuses to pay the court-ordered restitution through the BOP's Inmate Financial Responsibility Program ("IFRP"), resulting in loss of some privileges and limitations on participation in some other BOP programs. Petitioner seeks to have his "IFRP refusal status" changed to "IFRP exempt status," and have "all my rights and privileges restored to that of all other inmates here who are not placed on IFRP status." Pet. at 8.

## **DISCUSSION**

Petitioner acknowledges that he has not exhausted available administrative remedies. Exhaustion of remedies are a prerequisite before filing a § 2241 habeas petition, so his petition

---

[2] This Court may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir.), *cert. denied*, 461 U.S. 960 (1983); *see also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.) (federal courts may take judicial notice of proceedings in other courts of record), *cert. denied,* 449 U.S. 996 (1980).

3

should be dismissed for failure to exhaust remedies. *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975); *Jonpoll v. Thornburgh*, 898 F.2d 849, 850 (2nd Cir. 1990) (administrative exhaustion required before file federal petition under 28 U.S.C. § 2241) . However, even if exhaustion were complete, or not necessary as Petitioner claims, the petition should be dismissed.

The petition fails on the merits. Petitioner seeks "exempt IFRP status," but the petition doesn't explain why Petitioner should be exempt from participation in the IFRP. Petitioner states in an inmate request to staff form attached to the petition that "[o]nly a sentencing judge may impose a payment schedule while an inmate is incarcerated." The Fourth Circuit has held that payment schedules established by the BOP under the IFRP do not constitute an improper delegation of authority by the courts. *See United Sates v. Watkins*, 161 Fed. Appx. 337 (4th Cir. 2006)(unpublished). The BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, as in Petitioner's sentence. *Coleman v. Brooks*, 133 Fed. Appx. 51 (4th Cir. May 24, 2005) (unpublished) citing *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *McGee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999); and *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998). The BOP therefore is properly using the IFRP as an avenue to collect Petitioner's restitution. In as much as Petitioner may be attempting to raise an equal protection claim with his reference to being treated as other inmates, his claim fails. The petition fails to allege that Petitioner was treated differently, as a result of intentional discrimination, from other similarly situated inmates who have refused to participate in the IFRP. The § 2241 petition for habeas relief in this case should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed

*without prejudice* and without requiring a response by the respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit).

**Petitioner's attention is directed to the important notice on the next page**.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 16, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).